NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE: MAJESCO SECURITIES LITIGATION | : : : : : : : : : | Civil Action No.  05-cv-3557 (PGS) |
|  | : | **OPINION** |

**SHERIDAN,  U.S.D.J.**

This matter comes before this Court on a motion to dismiss for failure to state a claim or, alternatively, to plead with particularity.  More specifically, the motions are by several categories of defendants:  the underwriters[1], outside directors[2], accountants[3], as well as the company and its officers[4].

The Amended Consolidated Class Action Complaint is a twelve count complaint, 67 pages in length, containing over 273 separate allegations.  (See Amended Consolidated Class Action Complaint (hereinafter "Complaint"), generally).

---

[1]     RBC Capital Markets Corp., JMP Securities, Harris Nesbitt Corp. and Wedbush Morgan Securities, Inc.

[2]     Aronson, Arneo, Halpin, Lipschitz and Weisman.

[3]     Goldstein, Golub, Kessler, LLP ("defendant accountants").

[4]     Majesco Entertainment Company ("Majesco" or "Company"), Carl Yankowski, Jane E. Chasen, Jesse Sutton, Joseph Sutton and Morris Sutton ("defendant officers").

I.

Majesco Entertainment Company ("Majesco"), a Delaware corporation with principal offices in Edison, New Jersey, is a publicly traded company engaged in the business of developing and distributing video games.[5]

Majesco issued a secondary public offering of common stock under an Amended Registration Statement filed with the SEC on January 20, 2005 and a Prospectus filed with the SEC on January 26, 2005. Majesco sold 6 million shares of common stock at $12.50 in the offering, raising approximately $42 million in net proceeds.

It is alleged by the lead plaintiff that the Registration Statement issued in connection with the offering misrepresented and omitted material facts in violation of Sections 11 and 12(a)(2) of the Securities Act. It is further alleged that the defendants made material misrepresentations in violation of Rule 10b-5 and §10(b) of the Exchange Act.

II.

In this case, the first issue is whether Rule 9(b) is applicable. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." While it is clear that fraud is not an element of claims pursuant section 11 or 12(a)(2) of the Securities Act, when claims under section 11 of the Securities Act are based on averments of fraud, the heightened pleadings standards of Rule 9(b) are applicable. See *California Public Employees' Retirement System v. Chubb Corp.*, 394 F.3d 126, 144 (3d Cir. 2004); see also *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 288 (3d Cir.1992) ( "[W]e hold that when § 11 and § 12(2)

---

[5]     Majesco formerly operated under the name Majesco Holdings, Inc. with a ticker symbol of "MJES." On April 8, 2005, the company changed its name to Majesco Entertainment Company with a ticker symbol of "COOL."

2

claims are grounded in fraud rather than negligence, Rule 9(b) applies.").

Apparently, plaintiff drafted its Complaint with *In Re Suprema Specialties, Inc. Sec. Lit*, 438 F.3d 256 (3d Cir. 2005), in mind.  In so doing, the plaintiff systematically separated it claims under the Securities Act from those under the Exchange Act, asserting allegations pursuant to the Securities Act first, expressly pleading negligence in connection with its section 11 and 12(a)(2) claims, and "disclaim[ing] any allegations that could be construed as alleging or sounding in fraud or intentional or reckless misconduct." (Complaint, ¶¶ 75, 85, 93).

The Third Circuit has held such a manner of pleading to be acceptable.

> [W]here [] individual defendants are accused in separate claims of the same complaint of having violated Section 11, Section 12(a)(2), and Section 10(b), the Securities Act claims do not sound in fraud if ordinary negligence is expressly pled in connection with those claims. In such a case, the fraud allegations cannot be said to "contaminate" the Section 11 and Section 12(a)(2) claims if the allegations are pled separately...Here, ordinary negligence is alleged in the Section 11 and Section 12(a)(2) claims, and those claims are pled separately from the Section 10(b) fraud claims against the same defendants. That is enough to avoid triggering Rule 9(b). A contrary result would effectively preclude plaintiffs from filing suit under Section 11 and Section 12(a)(2) as well as Section 10(b)(5). There is no suggestion that Congress intended such an incongruous approach...[W]here the plaintiff has exercised care in differentiating asserted negligence claims from fraud claims and in delineating the allegations that support the negligence cause of action as distinct from the fraud, the determination is straightforward.

*In Re Suprema*, 438 F.3d at 272-73.  In light of *Suprema*, plaintiff has properly pled allegations of negligence in connection with its claims under sections 11 and 12(a)(2) so as not to "trigger" the pleading requirements of Rule 9(b). *Id*. at 272-73.  Plaintiff need not plead such allegations based on negligence with particularity. Accordingly, defendants' motion to dismiss Count I of plaintiff's Complaint for failure to comply with Rule 9(b) in connection with its claims pursuant to sections 11 and 12(a)(2) is denied.

III.

The defendants (excluding the accountants) argue that the Complaint must be dismissed because it substantially relies on forward looking statements. By statute, such statements alone cannot be a basis for an action.

Under Section 11, "a private action for damages may be brought by any person acquiring such security if a registration statement, as of its effective date: (1) contained an untrue statement of material fact; (2) omitted to state a material fact required to be stated therein; or (3) omitted to state a material fact necessary to make the statements therein not misleading." *CALPERS*, 394 F.3d at 167 (quoting 15 U.S.C. § 77k(a)) (internal quotations omitted). As the Supreme Court has explained, Section 11 "was designed to assure compliance with the disclosure provisions of the Act by imposing a stringent standard of liability on the parties who play a direct role in a registered offering." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 381-82. A Section 11 claim may be brought against the issuer of securities, its directors or partners, underwriters, and accountants who prepared or certified the registration statement. *Id.* at 382 n. 13 (citing § 77k(a)). Section 11 is a "virtually absolute liability provision[ ], which do[es] not require plaintiffs to allege that defendants possessed any scienter." *In re Adams Golf*, 381 F.3d at 274 n. 7. "If a plaintiff purchased a security issued pursuant to a registration statement, he need only show a material misstatement or omission to establish his prima facie case." *Herman & MacLean*, 459 U.S. at 382, 103 S.Ct. 683.

Section 12(a)(2) provides for civil liability for anyone who offers or sells a security "by means of a prospectus or oral communication, which includes an untrue statement of material fact or omits to state a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading..." 15 U.S.C. § 77 l(a)(2). Section

4

12(a)(2) also provides for "virtually absolute" liability that does not require the plaintiff to prove scienter. *In re Adams Golf*, 381 F.3d at 274 n. 7. Rather, to state a prima facie claim under Section 12(a)(2), the plaintiff must allege the purchase of securities pursuant to a materially false or misleading prospectus or oral communication. *Id.* at 273.

The plaintiff's claim for liability stems from six statements, two non-accounting and four accounting statements, set forth in the Registration Statement. These statements are analyzed below.

The first non-accounting statement alleged to be false or misleading stated:

> We expect to expand our frontline titles by releasing several new titles in 2005, including, Advent Rising, which is anticipated to be the first in a trilogy of epic science fiction games developed in collaboration with award-winning science fiction author Orson Scott Card...By summer 2005, we intend to release...Advent Rising...We own the intellectual property rights to other frontline properties...including Advent Rising... (Complaint, ¶ 71).

Plaintiff maintains that such statements were "untrue statements of a then existing fact" because the statement omitted to disclose material information including defects and technical problems the company was experiencing with Advent Rising including slowness in load time, rough or unplayable "cut scenes," animation freezing, clipping problems, and distortion in the audio.

The second non-accounting statement alleged to be false and misleading stated:

> Historically, most of our revenues were derived from being a leading distributor of value video game titles. Although sales of value titles will continue to constitute a significant portion of our revenues, we are diversifying our source of revenue and have introduced or expanded our other offerings...We expect value products to decrease as a percentage of our revenues as we generate significantly more revenues from our frontline video games, G[ame] B[oy] A[dvanced] Video titles and digital media peripherals and applications. (Complaint, ¶ 73).

It is alleged that this statement failed to disclose that the company's attempt to expand its frontline products was experiencing material developmental problems.

As stated above, defendants maintain that such statements are nothing more than inactionable forward looking statements. A forward-looking statement is a "statement containing a projection of," inter alia, "revenues, income, earnings per share, capital expenditures, dividends, capital structure or other financial items" or "a statement of the plans and objectives of management for future operations, including plans or objectives relating to the products or services of the issuer." 15 U.S.C. §§ 77z-2(i)(1), 78u-5(i)(1).

In any private action based on an untrue statement or omission of a material fact, a person shall not be liable with respect to any forward-looking statement, whether written or oral, if and to the extent that (A) the forward-looking statement is (i) identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement; or (ii) immaterial; or (B) the plaintiff fails to prove that the forward-looking statement (i) if made by a natural person, was made with actual knowledge by that person that the statement was false or misleading; or (ii) if made by a business entity; was (I) made by or with the approval of an executive officer of that entity, and (II) made or approved by such officer with actual knowledge by that officer that the statement was false or misleading.  15 U.S.C.A. § 77z-2.

"A forward-looking statement is not actionable at all if it is nothing more than a 'vague expression of corporate optimism [or] expectations about a company's prospects,' because such statements are not relied on by reasonable investors." *In re Bristol-Myers Squibb Securities Litigation*, 2005 WL 2007004 (D.N.J.)(Chesler)(citing *In re Aetna Inc. Securities Litigation*, 34 F.Supp.2d 935, 945 (E.D.Pa. 1999)).

While plaintiff's Complaint neither concedes nor denies that the two non-accounting

statements are forward looking, in allegation 254 of the Amended Complaint, plaintiff contends that the statements are not entitled to the protections of the Private Securities Litigation Reform Act's (PSLRA) safe harbor provisions because "at the time each of the statements are made, the speaker actually knew the statement was false, and the statement was authorized and/or approved by an executive officer of Majesco." (Complaint, ¶ 254). It is further argued that the statements are not entitled to protection because the nature of the falsity is an omission of an existing fact, the statements are not identified as forward looking, and the statement are not adequately couched with cautionary language.

Courts have held that "[a]llegations based upon omissions of existing facts or circumstances do not constitute forward looking statements protected by the safe harbor of the Securities Act." *In re MobileMedia Securities Litigation*, 28 F.Supp.2d 901, 930 (D.N.J. 1998). On a motion to dismiss, the Court does not adjudicate whether additional information should have been included in the Registration Statement, but rather assesses the sufficiency of the pleadings. In this instance, it would appear that the plaintiff has sufficiently pled omissions of existing facts or circumstances in an otherwise forward looking statement, so as to state a claim under sections 11 and 12(a)(2).[6]

IV.

The accountants argue that plaintiff failed to identify with particularity how the 2004 audit report of Majesco did not meet generally accepted auditing standards (GAAS), and how Majesco's financial standards departed from generally accepted accounting practices (GAAP). The accountants characterize the Complaint as vague and devoid of specific allegations. The accountants' motion

---

[6]The Court need not address the allegations that the speaker had actual knowledge of the falsity or that the Registration Statement failed to identify the forward looking statements or adequately provide cautionary language.

focuses on the alleged lack of detail contained within allegations 50 - 63 of the Amended Complaint; but there are other allegations which add detail.  For example, allegations 200-209 set forth reasons why second quarter financial results were misleading. (See Complaint, ¶¶ 50-63, 200-209).

Plaintiff has also alleged four accounting misstatements in violation of GAAP including: (1) overstated net revenues by $4.4 million or approximately 4%; (2) understated cost of sales by $5.5 million or approximately 6%; (3) overstated gross profit by approximately $10 million or approximately 40%; and (4) overstated operating income by approximately $10 million or 469%. Defendants reassert its argument that plaintiff's claim is insufficient in that it fails to plead with particularity.  However, as explained above, Rule 9(b) does not apply to plaintiff's claims of negligence in connection with its section 11 and 12(a)(2) claims.  Therefore, defendants contention that the Complaint fails to provide adequate factual support for the accounting misstatements is unpersuasive.  Whether any or all of the aforementioned statements were, in fact, misstatements in violation of GAAP or GAAS is an issue to be determined at a later date and not on a motion to dismiss.

The Third Circuit has held that "whether a defendant's accounting practices were consistent with GAAP was a question of fact, thereby rendering it inappropriate to grant a motion to dismiss a securities fraud claim based on that ground." *SEC v. Lucent Technologies, Inc.*, 363 F.Supp.2d 708, 715 (D.N.J. 2005) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1421 (3d Cir.1997); see also *Nappier v. Pricewaterhouse Coopers LLP*, 227 F.Supp.2d 263, 276 (D.N.J. 2002)("the determination of 'what accounting practices comprise GAAP is a question of fact best addressed through expert testimony and thus inappropriate for resolution on a motion to dismiss.'"). Therefore, the accountants' arguments as to the accounting practices employed are not ripe for

8

adjudication at this early pleading stage.

V.

The underwriters and outside directors maintain that the Complaint should be dismissed as to them pursuant to Section 11(b)(3)(C), which provides that "no person, other than the issuer," is liable for "any part of the registration statement purporting to be made on the authority of an expert" if "he had no reasonable ground to believe and did not believe...that the statements were untrue or that there was an omission to state a material fact." 15 U.S.C. §77k(b)(3)(C).  In a similar fashion, Section 12(a)(2) provides that liability for misrepresentations or omissions in a prospectus does not extend to individuals who "did not know, and in the exercise of reasonable care could not have known, of such untruth or omission." 15 U.S.C. §77(a)(2).  However, such an inquiry is not one for a motion to dismiss.  The underwriters and outside directors contention that it performed all necessary due diligence and had no reasonable ground to believe that an omission or misstatement was made is nothing more than an affirmative defense that defendants can assert and establish through discovery. See *In re Measurement Specialties Inc. Sec. Litig.*, Civil Action No. 02-1071 (D.N.J. September 30, 2003)(Hayden).

VI.

In addition to the claims under the Securities Act, plaintiff also alleges violations of the Exchange Act, particularly Section 10(b) and Rule 10b(5), against Majesco and the individual defendants.  To establish a claim under Section 10(b) and Rule 10b-5, a plaintiff must plead:  (1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance, often referred to in cases involving public securities market (fraud-on-the-market cases) as "transaction causation;" (5) economic loss; and (6)

9

"loss causation," i.e., a causal connection between the material misrepresentation and the loss. *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 275 (3d Cir.2006) (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 1631, 161 L.Ed.2d 577 (2005)).

Because a Rule 10b-5 claim is a "fraud" claim, plaintiff must satisfy the pleading requirements of Rule 9(b). See *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1417; *In Re Westinghouse Sec. Litig.*, 90 F.3d at 710; *In re MobileMedia Securities Litigation*, 28 F.Supp.2d at 935. These claims commence on page 20, allegation 98. (See Complaint, ¶¶ 98-262). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).   The purpose of the heightened pleading requirement is to give defendants "notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1418.

In order to satisfy Rule 9(b) in connection with a Rule 10b-5 claim, a plaintiff must plead with particularity (1) a specific misrepresentation of material fact; (2) the knowledge by defendants of its falsity; (3) the ignorance by the plaintiff of its falsity; (4) the intention of defendants that it should be acted upon; and (5) that plaintiff acted upon it to his detriment. *In re MobileMedia Securities Litigation*, 28 F.Supp.2d at 935 (citing *In re Westinghouse Sec. Litig.*, 90 F.3d at 710). Consequently, Rule 9(b) demands increased specificity in the pleadings to establish violations of Section 10(b) and Rule 10b-5. Pursuant to Rule 9(b), allegations concerning misrepresentations of material fact must be pleaded in greater detail. *In re MobileMedia Securities Litigation*, 28 F.Supp.2d at 935 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1417-18). As such, plaintiffs asserting securities fraud claims must specify "'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir.1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)). The PSLRA

10

"requires any securities fraud claim brought under the 1934 Act to specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *CALPERS*, 394 F.3d at 144 (citing 15 U.S.C. § 78u-4(b)(1)). If this requirement is not met, "the court shall...dismiss the complaint." 15 U.S.C. § 78u-4(b)(3)(A).

Rule 9(b) and the Reform Act impose independent, threshold pleading requirements that, if not met, support dismissal apart from Rule 12(b)(6). *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 311 F.3d 198, 224 (3d Cir. 2002). Thus, the Third Circuit has acknowledged that a complaint could pass muster under the traditional Rule 12(b)(6) analysis and still fail on Rule 9(b) grounds. *In re Burlington*, 114 F.3d at 1424.

On the other hand, the requirement for particularity in pleading fraud does not demand an exhaustive cataloging of facts, but only specificity sufficient to provide assurance that plaintiffs have investigated the alleged fraud and reasonably believe that a wrong has occurred. *Resource Ventures, Inc. v. Resources Management Int'l, Inc.*, 42 F.Supp.2d 423, 441 (D.Del.1999) (denying motion to dismiss where pleading described the act of fraud, but not specifics such as the date, place or time). Moreover, "[t]he Third Circuit has cautioned that courts should 'apply the rule with some flexibility and should not require plaintiffs to plead issues that may have been concealed by the defendants.'" *In re Cendant Corp. Litig.*, 60 F.Supp.2d at 368-69 (quoting *Rolo v. City Inv. Co, Liquidating Trust*, 155 F.3d 644, 658 (3d Cir.1998)).

VII.

In applying these standards to the Amended Complaint, plaintiff meets the test. Commencing with allegation 98, the complaint enumerates a number of questionable accounting practices and material misstatements. (See Complaint, ¶¶ 98-262).

11

Defendants correctly point out that "[a]llegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim[;] only where such allegations are coupled with evidence of corresponding fraudulent intent might they suffice." *In re Exxon Mobil Corp. Sec. Litig.*, 387 F.Supp.2d 407, 426 (D.N.J.2005).[7] "While violations of GAAP standards may provide evidence of scienter, the complaint must describe the violations with sufficient particularity, e.g., the approximate amount by which revenues and earnings were overstated, the transactions involved, the identities of customers or employees involved in the transactions." *Payne v. DeLuca*, 433 F.Supp.2d 547, 580 (W.D. Pa. 2006) (citing *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 203 (1st Cir. 1999)).

In the Amended Complaint, plaintiff separately lists alleged GAAP violations.  (See Complaint, ¶¶ 233-240).  However, to interpret that section as if it stands alone would be a very narrow reading of the Complaint.  Interwoven throughout the Complaint are numerous references to GAAP.  For example, in allegation 236, plaintiff argues defendants breached FASB 48 No. 1 by understating price protection reserves.  (See Complaint, ¶¶ 233-240).  These same allegations are presented in allegations 125-129 with regard to alleged fraudulent misstatements.  (See Complaint, ¶¶ 125-129).  Taken together, the plaintiff is affording defendants sufficient facts of how the fraud occurred.  In reviewing the Complaint as a whole, there are sufficient facts pled with sufficient particularity to satisfy Rule 9 and PSLRA concerns.

VIII.

With respect to claims that require proof that the defendants acted with a particular state of

---

[7] While the previous reference to GAAP violations concerned the alleged misstatements in the Registration Statement which amount to "virtually absolute" liability for the accountants, among others who play a direct role in the registered offering, the alleged violation of GAAP in a Section 10(b) or Rule 10b-5 context considers whether such a misrepresentation, when coupled with sufficient evidence of scienter, constitutes securities fraud.

mind, such as those made under any of the three subsections of Rule 10b-5. The law requires that "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity the facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). In actions under Rule 10b-5, a plaintiff may establish the requisite strong inference of scienter by stating either: "(1) facts which show that defendants had both motive and opportunity to commit fraud"; or (2) "by setting forth facts that constitute circumstantial evidence of either recklessness or conscious behavior." *Advanta*, 180 F.3d at 534-35. Further, in actions under Rule 10b-5, §78u-4(b)(2)'s requirement supersedes the provisions of Fed.R.Civ.P. 9(b) to the extent that Rule 9(b) would otherwise permit a state of mind to be averred generally. *Advanta*, 180 F.3d 525, 531 n. 5 (3d Cir.1999)).

Plaintiff maintains that its Complaint satisfies both tests. First, plaintiff claims that the defendants had the motive and opportunity because the company (1) was set on completing a public offering of Majesco common stock which would raise more than $42 million, (2) sought to conceal the fact that products were not selling at retail in order to inflate the company's financial result for the quarter ending January 31, 2005, (3) sought to convince investors that the company was on track to achieve its $175-$185 million net revenue outlook; and (4) sought to inflate the stock price to comply with NASDAQ listing requirements.

As to the plaintiff's circumstantial evidence of either recklessness or conscious behavior, plaintiff points to the defendants' alleged knowing violations of GAAP in addition to the misrepresentations made regarding the company's ability to develop and distribute frontline titles. The knowledge regarding these matters stems from receipt of Product Development Reports and weekly meetings attended by the defendant officers. Plaintiff cites to confidential informants as the source of proof that these defendants received the aforementioned reports and attended weekly meetings, wherein such information was disseminated.

Since plaintiff attempts to meet the particularity required by Rule 9(b) and the PSLRA by relying on confidential sources, standards applicable to such pleadings must be applied. See *CALPERS*, 394 F.3d AT 146-47. In *CALPERS*, the Third Circuit stated that a complaint relying on confidential sources can satisfy the particularity pleading requirements of Rule 9(b) and the PSLRA by providing "sufficient documentary evidence and/or a sufficient description of the personal sources of the plaintiff's beliefs." *CALPERS*, 394 F.3d at 147. Where documentary evidence does not supply the requisite particularity, use of a confidential source assumes a "heightened importance." *Id.* at 148. Assessing the particularity of the allegations that rely on confidential sources "entails an examination of the detail provided by the confidential sources, the sources' basis of knowledge, the reliability of the sources, the corroborative nature of other facts alleged, including from other sources, the coherence and plausibility of the allegations, and similar indicia." *Id.* at 147. Where a confidential source is not described "'with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged'" such allegations fail to supply the requisite particularity to securities fraud claims. *Id.* (quoting *Novak v. Kasaks*, 216 F.3d 300, 313-14 (2d Cir.2000)).

Here, plaintiff adequately pleads its confidential informants. (See Complaint, ¶¶ 107-109, 121). Furthermore, the information contained in the Complaint appears to satisfy the requirements of scienter, regardless of the test employed. The plaintiff has pled sufficient allegations of motive and opportunity as well as circumstantial evidence of conscious behavior.

## IX.

Section 15 of the Securities Act and Section 20 of the Exchange Act provide for secondary liability of "control persons." Those sections provide a cause of action against individual defendants who are alleged to have been "control persons" of companies deemed guilty of securities fraud. *Jones v. Intelli-Check, Inc.*, 274 F.Supp.2d 615, 644 (D.N.J.2003). A party can be held liable under

14

this provision for exercising control over the corporation that has committed the securities fraud. *In re MobileMedia Sec. Litig.*, 28 F.Supp.2d 901, 940 (D.N.J.1998).

To state a cause of action for control person liability, a plaintiff must allege a primary violation of Federal securities laws and "circumstances establishing control" of a primary violator of those laws. *Derensis v. Coopers & Lybrand Chartered Accountants*, 930 F.Supp. 1003, 1013 (D.N.J.1996).

In light of the Court's finding that the plaintiff adequately pled claims under §10(b) of the Exchange Act and Rule 10b-5, as well as scienter, the defendant officers' arguments to dismiss the claims under Section 15 of the Securities Act and Section 20 of the Exchange Act are unconvincing. These defendants merely allege that plaintiff's failure to state a claim under §10(b) of the Exchange Act or Rule 10b-5 and allege culpable participation requires dismissal. However, the previous findings compel the Court to hold otherwise.

All motions to dismiss are Denied.


September 29, 2006                                    PETER G. SHERIDAN, U.S.D.J.