UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

In Re Majesco Securities Litigation

CASE NO. 2:05-cv-03557-PGS-ES

**PROPOSED ORDER OF FINAL JUDGMENT AND DISMISSAL AS TO MAJESCO ENTERTAINMENT COMPANY, THE INDIVIDUAL DEFENDANTS THE UNDERWRITER DEFENDANTS AND GOLDSTEIN GOLUB KESSLER LLP**

WHEREAS, the Court has been informed that the Plaintiffs in this action, Diker Management, LLC, Diker Micro and Small Cap Fund LP, Diker M&S Cap Master LTD, Diker Micro-Value Fund LP, and Diker Micro Value QP Fund LP ("Diker" or "Lead Plaintiffs"), and Defendants Majesco Entertainment Company, Carl Yankowski, Jan E. Chason, Jesse Sutton, Joseph Sutton, Morris Sutton, Laurence Aronson, F. Peter Cuneo, James Halpin, Louis Lipschitz, Marc Weisman, RBC Capital Markets Corporation, JMP Securities LLC, Harris Nesbitt Corp. (now known as BMO Capital Markets), and Wedbush Morgan Securities Inc., and Goldstein Golub Kessler LLP (the foregoing defendants, along with their respective parents, subsidiaries, affiliates, predecessors, sister companies and partnerships, agents and attorneys, shall be referred to collectively as "Defendants"), have reached a mutually agreeable settlement of this Action and have entered into a Stipulation of Dismissal With Prejudice;

WHEREAS, this matter came before the Court for hearing pursuant to the Order of this Court dated January 23, 2009, on the application of the parties for approval of the settlement set forth in the Stipulations of Settlement, dated as of September 27, 2007 and March 14, 2008 (collectively the "Stipulations") and the Amendment to the September 27, 2007 Stipulation of Settlement, which is dated January 16, 2009 (the

"Amendment") (collectively, the Stipulations and the Amendment are referred to as the "Settlement").

WHEREAS, for good cause shown, and upon due consideration of the Stipulations and the Amendment and Final Order of Dismissal;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulations between Plaintiffs and Defendants and the Amendment, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulations and the Amendment.

2. This Court has the requisite jurisdiction to consider and enter this Order.

3. This Court hereby dismisses the Action in its entirety as to Defendants, with prejudice and without costs (except as otherwise provided in the Settlement).

4. Pursuant to Federal Rules of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulations and the Amendment and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Class.

5. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the Settlement Class Members, and as against the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulations and the Amendment.

6. The Court finds that the Stipulations, the Amendment and Settlement contained therein, is fair, just, reasonable and adequate as to each of the

Settling Parties, and that the Stipulations, the Amendment and Settlement contained therein, is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. The notice given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulations and the Amendment, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

8. Any plan of allocation order entered or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

9. By operation of this Final Judgment, upon the Effective Date, all claims, however denominated, regardless of the allegations, fact, law, theories, or principles on which they are based, including but not limited to claims for contribution or indemnity against the Released Party or Parties, whether arising under federal, state, or common law, which claims now exist or have accrued or in the future may exist or accrue, and which arise out of or are in any way related to the Action or the subject matter of the Action, are barred, extinguished, discharged, satisfied, and/or otherwise unenforceable. It is the intent of the Settling Parties that the bar order described herein shall effect a bar to the described claims to the fullest extent permitted under the laws of

any state, including but not limited to New York and New Jersey and the United States, including but not limited to, the fullest extent permitted by the PSLRA.

10. Upon the Effective Date, Plaintiffs, on behalf of themselves, the Settlement Class, their successors and assigns, and any other person or entity claiming (now or in the future) through or on behalf of Plaintiffs, shall be deemed to have, and by operation of this Order of Final Judgment and Dismissal shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendants and shall have covenanted not to sue Defendants with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claims against Defendants.

11. Upon the Effective Date, all obligations of Defendants to Plaintiffs arising out of, based upon, or otherwise related to the Released Claims shall be fully, finally, and forever discharged, and all persons and entities shall be permanently barred and enjoined from instituting, prosecuting, pursuing or litigating in any manner (regardless of whether such persons or entities purport to act individually, representatively, or in any other capacity and regardless of whether such persons or entities purport to allege direct claims, claims for contribution, indemnification, or reimbursement, or any other claims) any such obligations.

12. This Order of Final Judgment and Dismissal is a final judgment in the Action as to all claims among Defendants, on the one hand, and Plaintiffs, on the other.

13. Without affecting the finality of this Final Judgment and Dismissal in any way, this Court retains continuing jurisdiction over all proceedings related to the

implementation and enforcement of the terms of the Settlement Agreement including but not limited to all payments owed by Majesco Entertainment Company as set forth in the Amendment.

14. Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995, this Court hereby finds that each Settling Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all complaints, responsive pleadings, and dispositive motions related to the Released Claims, and that insofar as it relates to the Released Claims, the Action was not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

15. In the event that this Order of Final Judgment and Dismissal is reversed on appeal, the provisions of Paragraph IX. F of the Stipulations shall apply and the provisions of IX.D. of the Amendment to Stipulation of Settlement shall apply.

16. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulations and the Amendment.

IT IS SO ORDERED.

DATED: 2-23-09

_____
THE HONORABLE PETER G. SHERIDAN
UNITED STATES DISTRICT COURT JUDGE